UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------
FRED BROWN,
                Plaintiff,

   -v.-                                                  9:06-CV-1126
                                                                 (LEK/RFT)

KEPIEC, Mail Room Supervisor;
MR. KENNETH PERLMAN, Superintendent,

                Defendants.
------------------------------------------------------------------------

**APPEARANCES:**                              **OF COUNSEL:**

FRED BROWN
99-A-3642
Plaintiff, *pro se*

HON. ANDREW M. CUOMO              MARIA MORAN, ESQ.
Office of the Attorney General
State of New York
615 Erie Boulevard West
Suite 102
Syracuse, NY 13204

LAWRENCE E. KAHN, U.S. DISTRICT JUDGE

## DECISION and ORDER

      The Clerk has sent to the Court a Motion for a Temporary Restraining Order filed by Fred Brown ("Plaintiff" or "Brown"), who is currently incarcerated at the Ulster Correctional Facility. Dkt. No. 3. Defendants have opposed the Motion (Dkt. No. 18) and Plaintiff filed a Reply. Dkt. No. 23.

      The Complaint in this action alleges that one Defendant, a mail room supervisor at Mid-State Correctional Facility, did not forward Plaintiff's mail to him while he was out of the facility between December 8, 2005 and July 15, 2006. Dkt. No. 1. Plaintiff alleges that, as a result of this failure, he was foreclosed from perfecting appeals in a pending case. Id. Plaintiff alleges that the Superintendent at Mid-State was indifferent to Plaintiff's constitutional rights, and failed to

adequately supervise and train his staff.  Id.  Plaintiff seeks an Order from this Court enjoining the Defendants from obstructing his mail, vacating his underlying criminal sentence, and returning him to his sentencing court for re-sentencing as a first felony offender.  Dkt. No. 3.

Defendants assert that the Motion is moot because Plaintiff is no longer incarcerated at the Mid-State Correctional Facility.  Dkt. No. 18.  Further, Defendants argue that the relief Plaintiff seeks, with respect to his re-sentencing, may not be granted in this §1983 action.

A preliminary injunction "is an extraordinary remedy and should not be routinely granted." Patton v. Dole, 806 F.2d 24, 28 (2d Cir. 1986) (internal citation omitted).  In most cases, the party seeking the injunction must show "that [he] will suffer irreparable harm in the absence of an injunction and demonstrate either (1) 'a likelihood of success on the merits' or (2) 'sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of the hardships tipping decidedly'" in favor of the moving party.  See Jolly v. Coughlin, 76 F.3d 468, 473 (2d Cir. 1996) (internal quotation and other citation omitted).

However, the Court need not reach the merits of Plaintiff's Motion because it is clear that Plaintiff has been transferred out of the Mid-State Correctional Facility.  See Dkt. Nos. 6, 24-25. Since Plaintiff is no longer incarcerated under the supervision of the named Defendants in this action, the Court must deny his request for injunctive relief.  See Fed. R. Civ. P. 65(d); cf. Hallett v. New York State Dep't of Corr. Servs., 109 F. Supp. 2d 190, 196 (S.D.N.Y. 2000) (dismissing, as moot, the plaintiff's requests for injunctive relief "[b]ecause he [was] no longer incarcerated and under the supervision of any of the named defendants . . ."); Candelaria v. Coughlin, 787 F. Supp 368, 377-378 (S.D.N.Y. 1992) (motion for preliminary injunction seeking medical treatment is rendered moot due to plaintiff's transfer to a different facility);  Prins v. Coughlin, 76 F.3d 504 (2d Cir. 1996) (internal citation omitted); Beyah v. Coughlin, 789 F.2d 986, 988 (2d Cir.1986).

In addition, with respect to Plaintiff's request for re-sentencing, that is not relief that this Court may grant in an action brought pursuant to 42 U.S.C. §1983. Rather, Plaintiff must bring a habeas proceeding to seek such relief.[1]

**WHEREFORE**, it is hereby

**ORDERED**, that Plaintiff's Motion for injunctive relief (Dkt. No. 3) is **DENIED** as moot; and the Court further

**ORDERED**, that the Clerk serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED**.

DATED:     September 24, 2007
           Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge

---

[1] In Preiser v. Rodriguez, 411 U.S. 475 (1973), the Supreme Court stated that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Id. at 500. On the other hand, "a 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody," Id. at 499, i.e., when he is "challeng[ing] the conditions of [his] confinement." Id. at 498.