**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

FRED BROWN,

Plaintiff,

- v -                                                  Civ. No. 9:06-CV-1126
                                                              (GTS/RFT)

KEPIEC, *Mail Room Supervisor*;
MR. KENNETH PERLMAN, *Superintendent*,

Defendants.

**APPEARANCES:**                               **OF COUNSEL:**

FRED BROWN
Plaintiff, *Pro Se*
1354 Lyman Place
Apt. 2
Bronx, NY 10459

ANDREW M. CUOMO                              MARIA MORAN, ESQ.
Attorney General for the State of New York     Assistant Attorney General
Attorney for Defendants
615 Erie Blvd. W., Suite 102
Syracuse, NY 13204-2465

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

<u>**REPORT-RECOMMENDATION and ORDER**</u>

Presently before the Court is *pro se* Plaintiff Fred Brown's civil rights Complaint, brought

pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights under the First, Fifth, Sixth,

Eighth, and Fourteenth Amendments were violated when his legal mail was not properly forwarded

to him or returned to sender. Dkt. No. 1, Compl. at ¶¶ 10-19. The Defendants have filed a Motion

for Summary Judgment pursuant to Federal Rule of Civil Procedure 56(c), which the Plaintiff

opposes. Dkt. Nos. 38 & 46. For the reasons that follow, it is recommended that the Defendants'

Motion be **granted** and Plaintiff's Complaint be **dismissed.**[1]

## I. BACKGROUND

The following facts were derived mainly from the Defendants' Statement of Material Facts, submitted in accordance with N.D.N.Y.L.R. 7.1, which were not, in their entirety, specifically countered nor opposed by Plaintiff. *See* N.D.N.Y.L.R. 7.1(a)(3) ("<u>Any facts set forth in the Statement of Material Facts shall be deemed admitted unless specifically controverted by the opposing party.</u>" (emphasis in original)). In any event, most, if not all, of the material facts are not in dispute, but rather, the issue is whether those facts give rise to constitutional violations.

Plaintiff Fred Brown[2] entered the custody of the New York State Department of Correctional Services (DOCS) in July 1999 after being convicted as a Second Felony Offender, and was held at the Mid-State Correction Facility ("Mid-State") in Marcy, New York. Dkt. No. 38, Mot. for Summ. J., Defs.' 7.1 Statement at ¶¶ 1-2. Following his conviction, Plaintiff filed a Petition for a Writ of *Habeas Corpus* in federal court as well as several motions in state court seeking to modify or overturn his 1999 conviction. *Id.* at ¶ 3. Plaintiff's *Habeas* Petition was filed on March 3, 1999, before his direct appeal was heard and before any of his claims were exhausted in state court. *Id.* at ¶ 4. The United States District Court for the Eastern District of New York denied Plaintiff's *Habeas* Petition on both procedural grounds and on the merits, and refused to issue a certificate of appealability. *Id.* at ¶ 5. On January 15, 2005, Plaintiff filed a notice of appeal with the Eastern District of New York Court, followed by a Motion for a Certificate of Appealability with the United States Court of Appeals for the Second Circuit on May 13, 2005. *Id.* at ¶ 6.

---

[1] Plaintiff has also filed a Motion to Appoint Counsel, Dkt. No. 45, which we recommend be denied as moot. *See infra* Part III at p. 11.

[2] Plaintiff's legal name is James Mallard. Dkt. No. 38, Defs.' Mot. for Summ. J., 7.1 Statement at ¶ 1.

On December 8, 2005, DOCS transferred custody of Plaintiff to the Federal Bureau of Prisons ("BOP") at the Metropolitan Detention Center in Brooklyn ("Metropolitan"), New York. *Id.* at ¶ 7. Prior to his transfer from Mid-State to Metropolitan, Plaintiff failed to complete a change of address order. *Id.* at ¶ 8. On July 15, 2007, the BOP returned custody of Plaintiff to DOCS at Mid-State. *Id.* at ¶ 9. For the duration Plaintiff's custody with the BOP from December 8, 2005 to July 15, 2006, the Mid-State Mail Room withheld Plaintiff's mail. *Id.* at ¶ 10.

On April 20, 2006, during Plaintiff's stint at Metropolitan, the Second Circuit issued an Order denying Plaintiff's Motion for a Certificate of Appealability and dismissing his appeal. *Id.* at ¶ 11. On September 12, 2006, the Clerk for the Second Circuit entered, issued, and provided notice to all parties of the Second Circuit's Mandate. *Id.* at ¶ 12.

Plaintiff was paroled on March 20, 2007, and is no longer in DOCS custody. *Id.* at ¶ 13.

## II. DISCUSSION

### A. Summary Judgment Standard

Pursuant to FED. R. CIV. P. 56(c), summary judgment is appropriate only where "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." The moving party bears the burden to demonstrate through "pleadings, depositions, answers to interrogatories, and admissions on file, together with [] affidavits, if any," that there is no genuine issue of material fact. *F.D.I.C. v. Giammettei*, 34 F.3d 51, 54 (2d Cir. 1994) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "When a party has moved for summary judgment on the basis of asserted facts supported as required by [Federal Rule of Civil Procedure 56(e)] and has, in accordance with local court rules, served a concise statement of the material facts as to which it contends there exist no genuine issues to be tried, those facts will be deemed admitted

unless properly controverted by the nonmoving party." *Glazer v. Formica Corp.*, 964 F.2d 149, 154 (2d Cir. 1992).

To defeat a motion for summary judgment, the non-movant must "set forth specific facts showing [that there is ]a genuine issue for trial," and cannot rest "merely on allegations or denials" of the facts submitted by the movant. FED. R. CIV. P. 56(e); *see also Scott v. Coughlin*, 344 F.3d 282, 287 (2d Cir. 2003) ("Conclusory allegations or denials are ordinarily not sufficient to defeat a motion for summary judgment when the moving party has set out a documentary case."); *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 525-26 (2d Cir. 1994). To that end, sworn statements are "more than mere conclusory allegations subject to disregard . . . they are specific and detailed allegations of fact, made under penalty of perjury, and should be treated as evidence in deciding a summary judgment motion" and the credibility of such statements is better left to a trier of fact. *Scott v. Coughlin*, 344 F.3d at 289 (citing *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983) and *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995)).

When considering a motion for summary judgment, the court must resolve all ambiguities and draw all reasonable inferences in favor of the non-movant. *Nora Beverages, Inc. v. Perrier Group of Am., Inc.*, 164 F.3d 736, 742 (2d Cir. 1998). "[T]he trial court's task at the summary judgment motion stage of the litigation is carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them. Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution." *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994). Furthermore, where a party is proceeding *pro se*, the court must "read [his or her] supporting papers liberally, and . . . interpret them to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994), *accord*,

*Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995).  Nonetheless, mere conclusory allegations, unsupported by the record, are insufficient to defeat a motion for summary judgment.  *See Carey v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991).

### B.  Access to the Courts

Under the First Amendment, prisoners have a right to reasonable access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977).  Derivative of that right, prisoners also have a right to send and receive legal mail.  *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003).  To prevail on a First Amendment access-to-the-courts claim based on interference with legal mail under § 1983, a prisoner must make a showing that a prison official's deliberate and malicious interference caused an actual injury, such as the dismissal of a non-frivolous legal claim.  *Id.* (citation omitted); *see also Lewis v. Casey*, 518 U.S. 343, 351, 353 (1977).

In this case, Plaintiff asserts that Defendant Kepiec's failure to either forward Plaintiff's legal mail to him at Metropolitan or to return the mail to sender violated his constitutional right to access the courts.  Specifically, Plaintiff alleges that in April 2006, during his incarceration at Metropolitan, the Second Circuit denied his Motion for a Certificate of Appealability.  Compl. at ¶ 13.  Plaintiff alleges that because he was never forwarded the legal correspondence containing the denial of his Motion for a Certificate of Appealability from the Second Circuit, he lost the opportunity to timely petition the United States Supreme Court for a writ of certiorari or to petition the Second Circuit for a re-hearing en banc.  *Id.* at ¶ 14.

The Defendants do not dispute that during the period of Plaintiff's custody with the BOP

from December 5, 2005 to July 17, 2006,[3] the Mid-State Mail Room held Plaintiff's mail without

forwarding it to Plaintiff or sending it back to sender as undeliverable.  Defs.' 7.1 Statement at ¶ 10.

However, Defendants assert that Plaintiff has failed to show that he suffered an actual injury as a

consequence of Mid-State's holding his mail because, although the Second Circuit issued its Order

denying Plaintiff's Motion for a Certificate of Appealability in April 2006, the Clerk for the Second

Circuit did not enter that Court's Mandate on the decision until September 12, 2006, well after

Plaintiff's return to Mid-State in July of the same year.  Dkt. No. 38, Defs.' Mem. of Law at pp. 9-

11.  Therefore, Defendants argue that Plaintiff was in receipt of the Second Circuit's September 12,

2006 Mandate and was in a position to timely file appeals before either the Second Circuit or the

Supreme Court.  *Id.*

The record shows that on April 20, 2006, the Second Circuit denied Plaintiff's Motion for

a Certificate of Appealability and dismissed his appeal for failure to make a "'substantial showing

of the denial of a constitutional right.'" Timothy Mulvey, Esq., Affirm., dated June 27, 2008, Ex.

D, Mandate, dated Apr. 20, 2006 (quoting 28 U.S.C. § 2253(c)).  A copy of the General Docket for

Plaintiff's appeal before the Second Circuit shows that on April 20, 2006, notice was issued

regarding the Second Circuit's decision, which was entered on that date.  *Id.*, Ex. E, 2d Cir. Gen.

Dkt. at p. 3. The General Docket also indicates that a certified copy of the April 20, 2006 Order and

"[n]otice to all parties of the Three Judge Order mandated 9/12/06" were issued on September 12,

2006.  *Id.* at p. 4.

---

[3] As Defendants point out, Plaintiff actually alleges two different time periods during which his mail was
withheld.  *See* Compl. at ¶¶ 11 (alleging obstruction of his mail from December 8, 2005 through July 15, 2006) & 15
(alleging obstruction of his mail from December 5, 2005 through July 17, 2006).  We construe this ambiguity liberally
and in Plaintiff's favor, and therefore assume that Plaintiff's allegation is that his mail was improperly withheld from
December 5, 2005 through July 17, 2006.

Defendants argue that for the purposes of calculating a plaintiff's time to properly file a petition for a rehearing en banc before the Second Circuit or for a writ of certiorari before the Supreme Court, the clock starts running on the date of the issuance of the mandate, not the date the judgment was entered.  Dkt. No. 38, Mem. of Law at pp. 7-8.

The Second Circuit has explained that

> [t]he judgment is the document that states the dispositive action taken by the court of appeals, and it becomes effective upon its entry on the docket of the court of appeals.  *See* Fed. R. App. P. 36; *cf.* Fed. R. Civ. P. 58 (district court judgment effective when entered on docket).  The mandate is the document that officially conveys to the district court the action taken by the court of appeals.  The mandate consists of a certified copy of the appellate court's judgment, a copy of the opinion, and any direction as to costs.  *See* Fed. R. App. P. 41(a) (amended 1994).

*United States v. Reyes*, 49 F.3d 63, 65-66 (2d Cir. 1995).

Addressing first whether Plaintiff could have filed a timely motion for rehearing before the Second Circuit in September 2006, Federal Rule of Appellate Procedure 40(a)(1) states that "[u]nless the time is shortened or extended by order or local rule, a petition for panel rehearing may be filed within 14 days after entry of judgment."  In this case, the judgment denying Plaintiff's Motion for a Certificate of Appealability and dismissing his appeal was entered on April 20, 2006.  Defendants argue that "a judgment is only 'entered' for the purposes of both Rule 36(a) of the Federal Rules of Appellate Procedure and federal appellate practice of the Second Circuit when a mandate . . . is entered into the docket."  Mem. of Law at p. 8.  One need only read the text of Federal Rule of Appellate Procedure 36(a) to see that the Defendants' argument is patently erroneous.  Federal Rule of Appellate Procedure 36(a) clearly states that "[a] judgment is entered when it is noted on the docket."

In support of their position, Defendants cite to *United States v. Rivera*, 844 F.2d 916 (2d Cir. 1988).  In that case, the Second Circuit held that *for speedy trial purposes* under 18 U.S.C. §

1361(e), the appeal becomes final on the date the Clerk issues the mandate, not on the date an order is issued. *United States v. Rivera*, 844 F.2d at 921. The *Rivera* decision did not touch the issue of whether the issuance date of the judgment or the issuance date of the mandate marks the beginning of the fourteen (14) day period to file a petition for a rehearing en banc under Federal Rule of Appellate Procedure 40(a)(1). The plain language of Rules 36 and 40 make clear that a judgment is entered when it is noted on the docket. *See, e.g., Fine v. Bellefonte Underwriters Ins. Co.*, 758 F.2d 50, 53 (2d Cir. 1985) (explaining that a petition for rehearing must be filed within 14 days of the judgment, and that the mandate will be issued 21 days after the judgment but will be stayed by the filing of a petition for rehearing). In this case, the General Docket shows that the judgment against Plaintiff was noted on the docket on April 20, 2006. Therefore, Plaintiff had fourteen (14) days from that date to timely file a petition for a rehearing en banc.

Similarly, in order to be timely, a petition for a writ of certiorari must be filed within ninety (90) days after the entry of the *judgment*. 28 U.S.C. § 2101(c). The Supreme Court's rules make clear that "[t]he time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice)." SUP. CT. R. 13.3 (cited in *Hibbs v. Winn*, 542 U.S. 88, 97 (2004)). Thus, Plaintiff's ninety (90) days to file a petition for a writ of certiorari began on April 20, 2006, however, had he filed a timely petition for a rehearing at the Second Circuit, the ninety (90) day period would have been tolled during the pendency of that petition. *Id.*

In sum, Defendants' argument that Plaintiff did not suffer an actual injury because he could have filed timely petitions for a rehearing en banc and for a writ of certiorari is without merit. Therefore, it is recommended that the Defendants' Motion be **denied** on that basis.

*-8-*

However, under *Hernandez v. Keane*, 341 F.3d 137, 145 (2d Cir. 2003), this Court has the power to review Plaintiff's Complaint for failure to state a claim *at any time*. *See, e.g.*, *Zimmerman v. Burge*, 2008 WL 850677, at \*7 (N.D.N.Y. Mar. 28, 2008) (noting that "even where a defendant has not requested dismissal based on a failure of the plaintiff to state a claim upon which relief may be granted, a district court may, *sua sponte*, address whether a pro se prisoner has failed to state a claim[.]") (citing 28 U.S.C. § 1915(e)(2)(B)(ii)). We find that, even accepting all Plaintiff's factual allegations as true, he has not stated a valid First Amendment access-to-the-courts claim under § 1983.

In order to survive a motion to dismiss a First Amendment access-to-the-courts claim based on interference with legal mail, "a plaintiff must allege . . . that the defendant's alleged conduct was deliberate and malicious." *Cancel v. Goord*, 2001 WL 303713, at \*4 (S.D.N.Y. Mar. 29, 2001) (citing *Lewis v. Casey*, 518 U.S. at 351), *cited in Davis v. Goord*, 320 F.3d at 351. In this case, Plaintiff has failed to allege that Defendant Kepiec acted deliberately and maliciously to interfere with his access to the courts. Rather, Plaintiff simply alleges that Kupiec failed to forward Plaintiff's mail to Metropolitan or return it to sender; he does not allege any willful or otherwise improper motivation on Kupiec's part. Compl. at ¶¶ 10-11. Therefore, it is recommended that Plaintiff's First Amendment claim be **dismissed** for failure to state a cognizable claim under § 1983. *See Hudson v. Greiner*, 2000 WL 1838324, at \*5 (S.D.N.Y. Dec. 13, 2000) (dismissing access-to-the-courts claim for failure to allege defendant acted deliberately and maliciously); *see also Chaney v. Koupash*, 2008 WL 5423419, at \*10 (N.D.N.Y. Dec. 30, 2008) (quoting *Holmes v. Grant*, 2006 WL 851753, at \*12 (S.D.N.Y. Mar. 31, 2006) for the proposition that a plaintiff bringing an access-to-the-courts claim for interference with legal mail "'must allege facts demonstrating that defendants

deliberately and maliciously interfered with his access to the courts.'").

## C.  Supervisory Liability

Plaintiff alleges that Defendant Ken Perlman "failed to properly train and supervise his staff members" as to the proper legal mail procedures, thereby depriving Plaintiff of access to the courts. Compl. at ¶¶ 18-19.  Although grossly negligent supervision of subordinates can create liability for constitutional violations suffered under § 1983, *see Hernandez v. Keane*, 341 F.3d at 145, because Plaintiff has failed to state a valid claim against Defendant Kepiec, there is no basis for supervisory liability on the part of Defendant Perlman.

## D.  Plaintiff's Remaining Claims

In addition to his First Amendment access-to-the-courts claim, Plaintiff alleges in conclusory fashion that his rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments were violated. Compl. at p. 8.  Plaintiff alleges no additional factual bases for these claims beyond the facts related to his non-receipt of mail.  In sum, Plaintiff's constitutional references do not state a claim upon which relief can be granted.  *See Bell. Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1958-59 (2007) (stating that a valid claim must have enough factual allegations "to raise a right to relief above the speculative level").

## III.  CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that the Defendants' Motion for Summary Judgment (Dkt. No. 38) be **GRANTED** with respect to Plaintiff's Fifth, Six, Eighth, and Fourteenth Amendment claims and **DENIED** with respect to Plaintiff's First Amendment access-to-the-courts claim; and it is further

**RECOMMENDED**, that Plaintiff's First Amendment access-to-the-courts claim be

**DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and it is further

RECOMMENDED, that the Complaint (Dkt. No. 1) be **DISMISSED** in its entirety; and it is further

RECOMMENDED, that should the District Court adopt this Report-Recommendation, Plaintiff's Motion to Appoint Counsel (Dkt. No. 45) be **DENIED** as moot; and it is further

ORDERED, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).


Date:    February 23, 2009
         Albany, New York

RANDOLPH F. TREECE
United States Magistrate Judge

*-11-*