UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

FRED BROWN ,

                              Plaintiff,

                                                               9:06-CV-1126
v.                                                          (GTS/RFT)

THEDA KEPIEC, Mail Room Supervisor; and
KENNETH PERLMAN, Superintendent,

                                      Defendants.
_____

APPEARANCES:                                      OF COUNSEL:

FRED BROWN
  Plaintiff, *Pro Se*
1354 Lyman Place, Apt. 2
Bronx, NY  10459

HON. ANDREW M. CUOMO                  MARIA MORAN, ESQ.
  Attorney General for the State of New York     Assistant Attorney General
  Counsel for Defendants
615 Erie Blvd. West, Suite 102
Syracuse, NY  13204

HON. GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

Currently before the Court in this *pro se* prisoner civil rights action are (1) Defendants' motion for summary judgment (Dkt. No. 38), (2) Plaintiff's cross-motion to appoint counsel (Dkt. No. 45), and (3) United States Magistrate Judge Randolph F. Treece's Report-Recommendation that Defendants' motion be granted and Plaintiff's cross-motion be denied as moot (Dkt. No. 47).  Plaintiff has filed Objections to the Report-Recommendation.  (Dkt. No. 48.)  For the reasons set forth below, the Report-Recommendation is accepted, Defendants' motion for summary judgment is granted, and Plaintiff's cross-motion to appoint counsel is denied as moot.

I.      **RELEVANT BACKGROUND**

On September 20, 2006, Plaintiff filed this action against Theda Kepiec, a Mail Room Supervisor at Mid-State Correctional Facility, and Kenneth Perlman, the Superintendent at Mid-State Correctional Facility ("Defendants").  Generally, in his Complaint, Plaintiff alleges that Defendants violated his rights under the First, Fifth, Sixth, Eighth and Fourteenth Amendments by withholding his mail for a period of approximately seven (7) months during his transfer from Mid-State Correctional Facility in Marcy, New York, to the Metropolitan Detention Center in Brooklyn, New York.  (*See generally* Dkt. No. 1.)

On June 27, 2008, Defendants filed a motion for summary judgment seeking the dismissal of all of Plaintiff's claims against them, due to his failure to demonstrate that he suffered an actual injury.  (Dkt. No. 38.)  On October 1, 2008, Plaintiff filed a cross-motion to appoint counsel.  (Dkt. No. 45.)  On December 12, 2008, Plaintiff filed a response in opposition to Defendant's motion.  (Dkt. No. 46.)

On February 23, 2009, Magistrate Judge Treece issued a Report-Recommendation recommending that (1) Defendants' motion be granted on Plaintiff's Fifth, Sixth, Eighth and Fourteenth Amendment claims because he failed to adduce sufficient record evidence to establish a claim, and (2) his First Amendment claim be dismissed pursuant to 28 U.S.C. §191(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.  (Dkt. No. 47).  Familiarity with the grounds of the Report-Recommendation is assumed in this Decision and Order.

On March 9, 2009, Plaintiff filed Objections to the Report-Recommendation.  (Dkt. No. 48.)

## II.     ANALYSIS

For the sake of brevity, the Court will not recite the well-known legal standard of de novo review that governs the review of a magistrate judge's report-recommendation to which a party has made an objection, pursuant to 28 U.S.C. § 636(b)(1)(C).  Rather, the Court will merely refer the parties to its decision in *Vigliotti v. Daly*, 05-CV-1320, 2008 WL 5423453, at *1 (N.D.N.Y. Dec. 30, 2008) (Suddaby, J.).

After carefully reviewing all of the papers in this action, including Magistrate Judge Treece's Report-Recommendation and Plaintiff's Objections thereto, the Court rejects each of Plaintiff's Objections, and agrees with each of the conclusions stated in the Report-Recommendation.[1]  Magistrate Judge Treece employed the proper legal standards, accurately recited the facts, and reasonably applied the law to those facts.  As a result, the Court accepts and adopts the Report-Recommendation in its entirety, for the reasons stated therein.  The Court would add only two points.

First, even if the Court were not to dismiss Plaintiff's Complaint for the reasons stated above, it would revoke Plaintiff's *in forma pauperis* status as having been improvidently granted, because (1) he had accumulated at least "three strikes" for purposes of 28 U.S.C. § 1915(g) when he filed this action, and (2) he has not alleged facts plausibly suggesting that he was under imminent danger of serious physical injury when he filed this action.[2]

---

[1]     The Court notes that the only objections offered by Plaintiff to Magistrate Judge Treece's Report-Recommendation are simply reiterations of his previous arguments that he was denied his constitutional right of access to the courts when he did not receive legal mail during a transfer to Metropolitan Detention Center.  (*See* Dkt. No. 48.)

[2]     *See Brown v. Seniuk*, 01-CV-1248, 2002 WL 32096576, Memorandum and Order (E.D.N.Y. March 27, 2002) (granting defendants' motion to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12[b][6] for failure to state a claim upon which relief might be

3

Second, even if the Court were not to deny Plaintiff's cross-motion for counsel as moot, it would deny that cross-motion as without merit.  Plaintiff's cross-motion for counsel is not accompanied by documentation that substantiates any efforts to obtain counsel from the public and private sector, as it must be.  *See Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994); *Cooper v. Sargenti Co., Inc.*, 877 F.2d 170, 172, 174 (2d Cir. 1989) [citation omitted].  Moreover, it appears that the case does not present issues that are novel or more complex than those raised in most prisoner civil rights actions.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Treece's Report-Recommendation (Dkt. No. 47) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendants' motion for summary judgment (Dkt. No. 38) is **GRANTED** with respect to Plaintiff's Fifth, Sixth, Eighth and Fourteenth Amendment claims, and these claims are **DISMISSED with prejudice**; and it is further

**ORDERED** that Plaintiff's First Amendment claim is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief may be granted; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED** in its entirety, and that judgment be entered for Defendants; and it is further

---

granted); *Brown v. Bureau of Prisons*, 02-CV-10297, Order (S.D.N.Y. filed Sept. 30, 2004) (granting defendants' motion to dismiss Plaintiff's amended complaint pursuant to Fed. R. Civ. P. 12[b][6] for alleging facts stating that he had failed to exhaust his available administrative remedies before filing suit); *Brown v. Gloss*, No. 05-1724-pr, Mandate (2d Cir. filed Feb. 24, 2006) (dismissing Plaintiff's appeal as frivolous, because it "lacks an arguable basis in law or fact" pursuant to *Neitzke v. Williams*, 490 U.S. 325-28 [1989]).

**ORDERED** that Plaintiff's cross-motion to appoint counsel (Dkt. No. 45) is **DENIED** as moot.

Dated: March 25, 2009
　　　　Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge